[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO MODIFY PROTECTIVE ORDER (#116)
The plaintiff moves to modify the protective order in place by agreement of the parties to allow Attorney Jan Constantine, in-house counsel for the plaintiff, access to information classified as "Confidential: Counsel Only." The "denial of access to confidential information by in-house counsel should not be premised solely on their status as in-house counsel. . . . Instead, denial of access to information should be made solely on the basis of each individual counsel's actual activity and relationship with the party represented, without regard to whether a particular counsel is in-house or retained." (Citations omitted; internal quotation marks omitted.) Carpenter Technology Corp. v. Armco, Inc., 132 F.R.D. 24,27 (E.D. Pa. 1990). "[W]here in-house counsel are involved in competitive decisionmaking, it may well be that . . . [in-house counsel] be denied the access recognized as needed." U.S. Steel Corp.v. United States, 730 F.2d 1465, 1468 (Fed. Cir. 1984). Here, Attorney Constantine states in her affidavit that she is the litigation manager for the plaintiff. Attorney Constantine further states: "I am not involved with competitive decision-making and I do CT Page 5150 not participate in decisions regarding research, development, sales, pricing or other business functions." Moreover, the protective order provides for disclosure of information classified as "Confidential: Counsel Only" to experts who are not subject to the Rules of Professional Conduct. See (Plaintiff's exhibit B ¶ 3 p. 2). Consequently, Attorney Constantine may view information classified as "Confidential: Counsel Only" because she has no involvement in business decisions or strategies concerning the plaintiff. Accordingly, the court grants the plaintiff's motion to modify the protective order to allow Attorney Constantine access to information classified as "Confidential: Counsel Only."
KARAZIN, J.